[Civ. No. 2050. First Appellate District.—May 16, 1917.]

## LOUISE CARLINI et al., Appellants, v. LOUIS SCHULTZ COMPANY, INC. (a Corporation), Respondent.

LEASE—USE OF PREMISES FOR IMMORAL PURPOSES—INTERFERENCE BY MUNICIPAL AUTHORITY—ACTION FOR RELIEF—INSUFFICIENT COMPLAINT.—In an action for the cancellation of a lease or its modification in the way of a reduction of rent, the complaint fails to state a cause of action for relief either in law or equity, where it appears therefrom that both the lessor and lessee had knowledge of the fact that the premises were to be used for the purposes of prostitution, notwithstanding it was alleged that the premises by reason of the interference of municipal authority were no longer permitted to be used for such purposes.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. G. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Wm. Hoff Cook, for Appellants.

Charles W. Slack, and Chauncey S. Goodrich, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of defendant entered upon an order sustaining a demurrer to the second amended complaint after the plaintiff's refusal to further amend, in an action in which the relief asked was

the cancellation of a lease or a modification thereof so as to make its terms less onerous upon the lessee.

The amended complaint is uncertain in many of the respects pointed out in the demurrer; but passing those defects, and addressing ourselves to the main objection, viz., want of facts averred in said amended complaint to constitute a cause of action, it appears from the amended pleading that ''the said leased premises were located in what was then and there known as a 'segregated district' of San Francisco, . . . and said district was denominated and designated as the 'segregated district' by police authorities of San Francisco, for the purpose of permitting prostitutes and men with whom they might cohabit and other people of 'easy virtue' to reside and pursue their said life and calling in said 'segregated and restricted district' without molestation or interference by the police in so doing; . . . and at said time both the lessor of said leased premises, and its successor in estate herein, the defendant, and the plaintiffs herein, were well acquainted with the aforesaid facts in relation to such segregated and restricted district; and by reason of the aforesaid conditions the rooms in said premises so leased were rented and used by the aforesaid class of people without any molestation or interference by the police, as all of the aforesaid parties, as lessors and lessees, well knew, and almost all of the rental to be derived from said premises was to be and was from the renting of said rooms in said premises for the purposes and kind of people as aforesaid, as all of said parties, as lessors and lessees, well knew, and the revenue derived and to be derived from such renting of said rooms in said leased premises was the material consideration for the payment of the rental, as provided in the aforesaid lease; . . . '' and that ''the aforesaid lease was so made as aforesaid with a full and complete knowledge and understanding upon the part of the lessor and lessee therein named, that the rooms in the said leased premises were to be so used and rented out by the lessee to said class of people as aforesaid. . . . '' Then follow averments that the said ''segregated district'' has been abolished by the police commission, and that since said abolition ''the lessees of said premises under the aforesaid lease have been and are unable to rent rooms in said leased premises under the same conditions as they were at the time of making said lease, . . . and

that the material part of the consideration for said lease . . . was the income and revenue to be derived from so doing." The relief prayed for is the cancellation of the lease or its modification in the way of a reduction of rent.

For the purposes of the demurrer the foregoing allegations of the complaint must be taken as true. We think it very plain, therefore, without going further into the averments of the complaint, that the lessee and its assignee (plaintiffs herein) have no standing in a court either of law or equity, and that the demurrer to the complaint was properly sustained.

Judgment affirmed.